# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **JAMES RAY COOKSEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:16-CV-67** |
| | § | |
| **AIDA VALLESTRO YANA COOKSEY,** | § | |
| *et al.,* | § | |
| | § | |
| *Defendant*s. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On June 10, 2016, Judge Giblin issued a report and recommendation recommending that the Court dismiss the plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e).

The plaintiff filed handwritten objections [Doc. #40] to the recommended dismissal. In his objections, Mr. Cooksey does not specify any specific portion of the magistrate judge's findings which he contends to be erroneous but he contends that Judge Giblin "was in general error." *See Objections*, at p. 3. Plaintiff argues that he can show that his claims are not frivolous, but he continues to make many of the same outlandish allegations which Judge Giblin found to be without merit originally. Cooksey continues to allege that the defendants have invaded his privacy by obtaining a warrant for video surveillance and transmitting electronic data in "scrambled" or encrypted form. *See Objections*, at pp. 2, 5. He also claims that "proving matters regarding the sources of events in cyberspace isn't easy." *Id*. at p. 5. Cooksey remains convinced that the State

of Texas, the United States Government, and his ex-wife, along with a number of other individuals, somehow conspired to "torture" him by breaking into his home and hacking into his personal computer. He continues to assert that the defendants somehow collectively conspired to delete all documents, data and the operating system from his personal computer. *Id.* at p. 6. After consideration, the Court concludes that plaintiff's objections fail to explain Judge Gibln's alleged errors with the requisite specificity and support. *See* 28 U.S.C. § 636(b)(1); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.") Mr. Cooksey merely continues to assert the same frivolous and nonsensical claims that he has pursued throughout this case.

After Judge Gibln issued his report, the plaintiff also sought leave to amend his complaint. *See Motion* [Doc. #43] and *Amended Complaint* [Doc. #44]. This would be his third pleading. A review of the new amended complaint shows it asserts the same frivolous, incoherent allegations as contained in all of his other filings. The Court therefore concludes that the proposed amendment would be futile in curing the deficiencies in his prior pleadings. Judge Giblin also addressed the futility of amendment in his report, and the Court incorporates that analysis herein.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, plaintiff's objections, the record, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted. The Court therefore **ORDERS** that the report and recommendation [Doc. No. 38] is **ADOPTED**. The court further **ORDERS** that the plaintiff's claims are **DISMISSED** in their entirety as frivolous, with prejudice, pursuant to 28 U.S.C. 1915(e)(2).

**The Clerk is directed to CLOSE** this case.


**So Ordered and Signed**

**Jul 18, 2016**

_Ron Clark_

Ron Clark, United States District Judge